ASCENSIÓN P. VALDIVIESO Y TORRUELLA, Plaintiff and Appellant-Appellee, *v.* CARLOS L. CHARDÓN, Defendant and Appellee-Appellant.

No. 5539.  Argued January 15, 1932.—Decided July 26, 1932.

*Francisco Parra Capó* and *Agustín E. Font* for plaintiff-appellant
*Rafael Rivera Zayas* and *Leopoldo Tormes* for defendant-appellant.

Mr. Justice Hutchison delivered the opinion of the Court.

A wife brought suit for divorce and the husband filed a cross complaint. The district court after a trial on the merits dismissed both actions. Both parties appeal and both assign as error passion and prejudice in the weighing of the evidence. The record does not disclose any prejudice against either of the parties to the action nor any passion or prejudice in any other sense in a degree that would, without more, warrant this Court in disturbing the result. Nor do we find any such manifest error in the weighing of the evidence for defendant as to justify a reversal of the judgment so far as the dismissal of the cross complaint is concerned. The judgment is not in that respect contrary to the law and the evidence as defendant contends. The reasons given for rejecting the testimony for plaintiff, however, are neither so clearly stated nor so persuasive as are those assigned by the trial judge as the grounds of his refusal to believe the testimony for defendant. Cruelty was the ground relied on in both actions. Our only doubt in the case has been as to whether or not the facts established by plaintiff amount to such cruelty as to constitute a ground for divorce. Our conclusion is that they do.

The complaint contained an averment "That the plaintiff belongs to a family which by reason of its relations and position was able to give and did give her a refined education, founded on religious principles as well as familiar and social respectability, that made her a woman of delicate sentiments, home loving, devoted to her family, and very sensitive to the crudeness of rough and humiliating treatment." The answer admitted the truth of this averment.

One of the earlier incidents in the married life of this couple was a quarrel at lunch. The only child, a daughter, was then something over a year old. Crabs were served and the wife's brother gave the child a claw, or a bit of crab meat. The husband objected. The wife said that it would do no harm. The husband told the wife that she was "una mujer canalla" and rose from the table. The wife's sister

said to him: "Carlos, my sister has not given you any occasion for that." He answered that the wife was a *"mujer sinvergüenza."* He then left the house. The wife went to a brother-in-law of the husband and told him what had happened. Several days later the brother-in-law advised the wife to consult a lawyer. When the husband returned after an absence of a week or two, he announced that he did so subject to no conditions of any kind and that he was not assuming any obligation.

Later the wife contracted bronchitis which she attributed to the harsh treatment of her husband. The bronchitis developed into pneumonia. A bedroom adjoining that of the wife was occupied by the wife's sister and the child. The husband removed the child to another part of the house. The wife said that if her brother-in-law were there this would not have happened. The answer was *"Ahora comprendo que tú eres la mujer más canalla y sinvergüenza que hay."*

The wife, before marriage, had inherited some property. The husband and wife lived in a house which belonged to the wife and her brothers and sisters. The husband did not contribute to the household expenses. Most of the quarrels were about money. The husband was building up a dairy farm into which he put most of his salary and at times needed money. On certain occasions when his wife refused to let him have it he threatened to institute divorce proceedings and to take the child from her. On one of these occasions he attempted to kick her. At one time the wife let him have $3,500. She refused to meet a subsequent demand for $6,500.

Marital relations had ceased some two years before the complaint herein was filed. These relations were severed by the husband. He became taciturn, cold and indifferent. He, himself, says that he spoke to his wife only when necessary. At times he permitted his wife to serve him his food at the table. At others he declined to accept this courtesy. When interviewed by the wife's attorney, in the presence of the wife and her sister, several months before the commencement

of this action, he insisted that a divorce was the only possible solution.

Some of the earlier offenses were condoned. Others were not. The attitude finally assumed by the husband and persisted in by him continuously over a period of several years was in itself a sufficient ground for divorce. It was only when the situation in which the wife was placed had become intolerable, and only after the husband when approached concerning the possibility of a reconciliation had proved inexorable, that the present proceeding was instituted.

That part of the judgment appealed from whereby the action of plaintiff was dismissed will be reversed and the decree of this Court will be entered for plaintiff. So far as the dismissal of the cross action is concerned the judgment of the district court will be affirmed.

Mr. Justice Wolf dissented.

Mr. Justice Córdova Dávila took no part in the decision of this case.